1  WO

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8  Stuart Othello Carter, Sr.        )
                                     )
9                      Plaintiff,    )
                                     )
10         v.                        )    CIV 06-1228 PHX ROS (VAM)
                                     )
11  Maureen Meany, et al.,           )    O R D E R
                                     )
12  _____Defendants.   )

13       On September 14, 2006, plaintiff filed a motion for

14  appointment of counsel.  (Doc. 14).  There is no constitutional

15  right to appointment of counsel in a civil case.  See Ivey v.

16  Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir.

17  1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981).  Moreover,

18  the only statutory authority creating a basis for appointment is

19  28 U.S.C. §1915(e)(1), which confers on the court the discretion

20  to appoint counsel to represent an indigent civil litigant.

21  Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  The Court cannot

22  compel a lawyer to represent an indigent plaintiff.  Mallard v.

23  U.S. District Court for the Southern District of Iowa, 490 U.S.

24  296 (1989).  An appointment of counsel may be requested under 28

25  U.S.C. §1915(e)(1) only in "exceptional circumstances."  Aldabe,

26  616 at 1089; Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

27       This rule is derived from Weller v. Dickson, 314 F.2d 598,

28  600 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11

L.Ed.2d 72 (1963) which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." See Wilborn, 789 F.2d at 1328.  Weller was extended, without apparent comment, to "appointment of counsel" in United States v. Madden, 352 F.2d 792, 794 (9th Cir. 1965).  Madden was then cited for the rule in Alexander v. Ramsey, 539 F.2d 25, 26 (9th Cir. 1976); United States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, 647 F.2d 938, 940 (9th Cir. 1981), cert. denied, 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); Aldabe, 616 at 1093; and Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).

A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983), quoted in Richards v. Harper, 864 F.2d 85 (9th Cir. 1988).  Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for counsel under section 1915(d).  Wilborn, 789 F.2d at 1331.

Here, plaintiff has not demonstrated a likelihood of success on the merits.  In addition, plaintiff has failed to show that any difficulty he is experiencing in attempting to litigate this case is derived from the complexity of the issues involved.  While most actions, such as the instant case, require development of supporting facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts to support

1    the case, this does not equate with showing the complexity of the

2    relevant issues.  Wilborn, 789 F.2d at 1331.

3         The Ninth Circuit has held that the constitutional right of

4    access to the courts requires that the state provide assistance

5    only through the pleading stage.  Cornett v. Donovan, 51 F.3d 894,

6    898 (9th Cir. 1995), cert. denied, 518 U.S. 1033, 116 S. Ct. 2580

7    (1996).  This case is beyond the pleading stage and at the present

8    time does not present "exceptional circumstances" requiring the

9    appointment of counsel.

10         On October 17, 2006, defendants Lawrence, Baca and Roberts

11   filed a Motion to Dismiss for Failure to Exhaust and for Failure

12   to State a Claim.  (Doc. 19).  Plaintiff is advised of the

13   following specific provisions of LRCiv 7.2, Rules of Practice of

14   the United States District Court for the District of Arizona:

15        Subparagraph (e) provides:

16        Unless otherwise permitted by the Court, a motion
          including its supporting memorandum, and the response
17        including its supporting memorandum, each shall not
          exceed seventeen (17) pages, exclusive of attachments
18        and any required statement of facts.  Unless otherwise
          permitted by the Court, a reply including its supporting
19        memorandum shall not exceed eleven (11) pages, exclusive
          of attachments.
20
          Subparagraph (i) provides:
21
          If a motion does not conform in all substantial respects
22        with the requirements of this Local Rule, or if the
          opposing party does not serve and file the required
23        answering memoranda, or if counsel for any party fails
          to appear at the time and place assigned for oral
24        argument, such non-compliance may be deemed a consent to
          the denial or granting of the motion and the court may
25        dispose of the motion summarily.

26        **It is plaintiff's obligation to timely respond to all**

27   **motions.  The failure of plaintiff to respond to defendants'**

28                                    3

1  **Motion to Dismiss may in the discretion of the Court be deemed a**

2  **consent to the granting of that Motion without further notice, and**

3  **judgment may be entered dismissing the complaint and action with**

4  **prejudice pursuant to LRCiv 7.2(i).  See** <u>Brydges v. Lewis</u>**, 18 F.3d**

5  **651 (9th Cir. 1994) (per curiam).**

6      If defendants' Motion to Dismiss seeks dismissal of your

7  complaint for your failure to exhaust all available administrative

8  remedies as required by 42 U.S.C. § 1997e(a), the Court may

9  consider sworn declarations or other admissible evidence beyond

10  your complaint.  Moreover, if defendants produce admissible

11  evidence demonstrating that you failed to exhaust your

12  administrative remedies, your complaint will be dismissed without

13  prejudice unless you produce copies of your grievances and

14  grievance appeals or other admissible evidence sufficient to show

15  that you did exhaust all available administrative remedies.  <u>Wyatt</u>

16  <u>v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).

17      **IT IS THEREFORE ORDERED** that plaintiff's motion for

18  appointment of counsel is denied without prejudice.  (Doc. 14).

19      **IT IS FURTHER ORDERED** that plaintiff shall have until

20  November 21, 2006 within which to respond to defendants' Motion to

21  Dismiss.  Defendants shall have until December 8, 2006 within

22  which to file a reply.

23      DATED this 18th day of October, 2006.

24

25  _Virginia A. Mathis_

26  Virginia A. Mathis
   United States Magistrate Judge

27

28      4